**O**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS RAMOS,<br><br>        Plaintiff,<br>    v.<br><br>MOLINA HEALTHCARE, INC.; MOLINA INFORMATION SYSTEMS, LLC; and DOES 1 through 10,<br><br>        Defendants. | Case No. CV 12-2328-ODW(AJWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE [7]** |

This action involves the alleged employment misconduct of Defendants Molina Healthcare, Inc. ("MHI") and Molina Information Systems, LLC ("MMS"). Plaintiff Jose Luis Ramos, a former employee of MMS, asserted nine claims relating to age and racial discrimination against him by employees at MMS. Defendants seek to dismiss Ramos's action in its entirety under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3), or alternatively, transfer venue under 28 U.S.C. 1404(a). (ECF No. 7.) For the following reasons, the Court finds that transfer to the Eastern District of Virginia is appropriate, and thus **GRANTS** Defendants' Motion to Transfer.[1]

## I.   FACTUAL BACKGROUND

Defendants MHI and MMS are part of the Molina organization, which provides medical services for Medicaid recipients. (Compl. ¶ 8.) Ramos, who is over the age of 60 and of Puerto Rican descent, was employed by MMS from 2010 to early 2011 as

---

[1] Having considered the papers filed in support of and in opposition to this motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

a Technical Director. (*Id.* ¶¶ 7, 8.) The crux of Ramos's action concerns alleged discriminatory behavior by the Vice President of Engineering Delivery, Timothy Brewer, and the Chief Technical Officer, Timothy Skeen, during Ramos's time at MMS. (*Id.* ¶¶ 12, 13.)

In early 2011, Ramos received information indicating that money was being kicked back to senior managers at MMS in exchange for the award of subcontracts. (*Id.* ¶ 14.) Ramos reported these allegations to Brewer and the Division President, Norm Nichols. (*Id.*) Two weeks later, Brewer fired Ramos without any warning, job related criticism, or reason for the termination. (*Id.*) Ramos believes he was terminated because of his age and national origin, in retaliation for opposing hiring practices, and for reporting the allegations of bribery. (*Id.* ¶ 18.) Based on these facts, Ramos brought suit against Defendants in the present action.

MHI is a Delaware corporation and has its principal place of business in the County of Los Angeles, California. (*Id.* ¶ 3.) Ramos maintains that MMS is a California corporation with its principal place of business in the County of Los Angeles. (*Id.*) Defendants, however, argue that MMS, though headquartered in California for tax purposes: has no offices in California; has a total of four employees in California; and derives no revenue from California. (Brewer Decl. ¶ 3.) Rather, its principal places of business are in Idaho, Maine, New Jersey, West Virginia, Louisiana, Florida, and Virginia. (*Id.* ¶ 2.) Defendants contend that they have 113 employees in Virginia, and that the events giving rise to Ramos's action, including the termination, took place in Virginia. (*Id.* ¶¶ 5, 8.)

## II.   DISCUSSION

### A.   Federal Rule of Civil Procedure 12(b)(3) – improper venue

Venue in federal question cases is governed by 28 U.S.C. § 1391(b), which provides that venue is proper in any judicial district where any defendant resides if all defendants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C.

§§ 1391(b)(1), (2). A corporation is deemed to reside in any judicial district where it would be subject to personal jurisdiction. 28 U.S.C. § 1391(c).

When determining proper venue, a court can look beyond the pleadings of the claim, and does not have to take a plaintiff's factual allegations as true. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2003). But when the facts are disputed, the trial court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *Id.* at 1138.

Ramos's Complaint states, "Venue as to all claims for relief asserted by this Complaint is proper in this District pursuant to 28 U.S.C. § 1391(a) because MOLINA have their principal places of business in this District." (Compl. ¶ 6.) Defendants, while arguing that MMS has only four employees in California, no offices in California, and derives no revenue from California, does not deny that MMS is incorporated in this district and that MHI has its principal place of business in California. (Brewer Decl. ¶¶ 2–3; O'Donnell Decl. ¶ 2.) Venue would therefore appear to be proper in California. 28 U.S.C. §§ 1391(b)(1), (c). But under § 1391(b)(2), that would not be the case, as none of the events giving rise to this claim occurred in California. 28 U.S.C. § 1391(b)(2).

Yet, Ramos's Title VII claims are governed by specialized venue rules. Causes of action arising under Title VII are subject to 42 U.S.C. 2000e-5(f)(3), which provides stricter venue requirements than § 1391. Title VII authorizes lawsuits to be filed "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," as well as: in the district where employment records are kept; in the district where the plaintiff would have worked but for the alleged unlawful practice; and if those provisions fail to provide a forum, in the district where the defendant keeps its principal office. 42 U.S.C. § 2000e-5(f)(3); *Johnson v. Payless Drug Stores Nw.*, 950 F.2d 586, 587 (9th Cir. 1991).

The Court finds venue improper in this district for Ramos's Title VII claims because Ramos has not established that the events giving rise to his action have a

significant connection to California. Ramos' Complaint is silent on the location where the instances of employment discrimination occurred. Defendants provide evidence that the employment decisions regarding Ramos took place in Virginia. (Brewer Decl. ¶ 8.) Further, Ramos does not allege that the employment records relevant to the alleged misconduct are maintained in this district, nor that he would have worked in this district but for Defendants' misconduct. Thus, Ramos has failed to demonstrate proper venue in this district for his Title VII claims.

**B.     Transfer**

Upon conclusion that venue is improper, the Court has discretion to dismiss the case or transfer the case in the interests of justice to an appropriate jurisdiction. 28 U.S.C. 1406(a). The decision between dismissal or transfer to a proper venue is a matter within the sound discretion of the district court. *See Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976). And for transfer, district courts possess broad discretion when considering factors such as convenience and fairness under § 1404(a). *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

First, this case may have been brought in the Eastern District of Virginia ("EDVA"). 28 U.S.C. § 1404(a). Venue is proper in the proposed district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Ramos's action occurred there. During the time of these events, Ramos resided in EDVA, reported to MMS's office located in EDVA, and was terminated in EDVA. (Brewer Decl. ¶ 6–8.) And Ramos's Title VII claims are proper in EDVA because the decision to terminate Ramos was made there. 42 U.S.C. § 2000e-5(f)(3).

Second, Defendants argue that EDVA is a more convenient forum for the parties to litigate in. Because the operative facts relevant to this case took place in EDVA, transferring this case to EDVA facilitates litigation because most of the key documentation and relevant witnesses are located there. Defendants' employees, and specifically, the employees that are relevant to Ramos's action, are predominately located in EDVA. (Brewer Decl. ¶ 9). Further, any inconvenience to Ramos in

litigating in EDVA would be minimal, since Ramos owns a residence in EDVA and appears to be currently in Arlington, Virginia, according to his signed declaration. (Ramos Decl. ¶¶ 6–7; at 5.)

Third, although California may be a proper forum for Ramos's non-Title VII claims, the ancillary ADEA, 42 U.S.C. § 1981, FEHA, and common law claims arise out of the same operative facts as the Title VII claims. The Title VII claims must either be dismissed or transferred to EDVA. And because of the close relationship of the non-Title VII claims, this case should be transferred to EDVA, unless Ramos decides to dismiss his Title VII claims.

After weighing these factors, the Court finds that transfer to EDVA is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss under Rule 12(b)(3), but alternatively **GRANTS** Defendants' Motion to Transfer Venue under 28 U.S.C. 1404(a). Because the Court is transferring this case, it declines to rule on Defendants' Motion to Dismiss under Rule 12(b)(6). This case is hereby transferred to the United States District Court for the Eastern District of Virginia. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

July 27, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**